THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina Department of Motor Vehicles, Respondent,
 v.
 Phillip Samuel Brown, Appellant.
 
 
 

Appeal From Richland County
 Carolyn C. Matthews, Administrative Law Judge

Unpublished Opinion No. 2011-UP-130
Submitted March 1, 2011  Filed March 29, 2011   

AFFIRMED

 
 
 
 Heath Preston Taylor, of West Columbia, for Appellant.
 Frank L. Valenta, Jr, Philip S. Porter, and Linda A. Grice, of Blythewood, for Respondent.
 
 
 

PER CURIAM: This appeal arises out of a decision by the Administrative Law Court (ALC) to reverse an order by the South Carolina Office of Motor
Vehicle Hearings which rescinded the driver's license suspension of Phillip Samuel Brown due to driving under the influence.  On appeal, Brown argues the
ALC erred in reinstating his license suspension because the arresting officer failed to establish that the breath test administered and the sample obtained were
conducted pursuant to section 56-5-2950 of the South Carolina Code (2006). We affirm[1] pursuant to Rule 220(b),
SCACR, and the following authority: Hill v. S.C. Dep't of Health & Envtl. Control, 389 S.C. 1, 23, 698 S.E.2d 612, 624 (2010) (stating a
contemporaneous objection is required to preserve an issue for appellate review).[2]
AFFIRMED.
SHORT and PIEPER, JJ., and CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] During the license suspension hearing, the arresting officer testified that "[t]he machine was
functioning properly at the time . . . ."  Brown did not object to the officer's testimony, nor did he raise this issue regarding the functioning of
the datamaster machine or the simulator solution that was used for the breath test during cross-examination of the arresting officer.  Brown only raised
this argument during his closing remarks.  When the officer attempted to address this statement during his own closing remarks, Brown objected to the
officer offering new testimony and the hearing officer struck the officer's last statement that the datamaster machine "will not function if it's past its
solution change date." Thus, we are left with the officer's original testimony during the hearing that the machine was working properly in general and that
the test results were admitted without objection; any new facts about the datamaster machine, such as any additional details about the simulator solution or
breath test, were stricken as being untimely offered only during closing remarks.